UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA FOBAR,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.  2:25-cv-2359 CKD (SS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Before the court is defendant's motion to dismiss this action, seeking review of a final agency decision on Social Security benefits pursuant to 42 U.S.C. § 405(g), as time-barred. (ECF No. 8.) Plaintiff has filed an opposition. (ECF No. 9.) The motion was taken under submission without argument. (ECF No. 10.) For the reasons set forth below, the undersigned recommends that defendant's motion be denied.

## I.    Legal Standards

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to

1

the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Under Rule 12(b)(6), the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Williamson v. Saul, No. 2:18-cv-02304 KJM CKD, 2019 WL 5721660, *1 (E.D. Cal. Nov. 5, 2019) (findings and recommendations adopted by district court Sept. 11, 2020) (citing Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995)). The 60-day time limit for bringing suit in federal court "constitutes a statute of limitations." Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (citations omitted). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." Williamson, 2019 WL 5721660, *1 (citing Vernon, 811 F.2d at 1278); see also, e.g., Small v. Colvin, 2015 WL 237115, * 1 (E.D. Cal. Jan. 16, 2015) (same).

**II.    Motion to Dismiss**

A Social Security claimant has 60 days from the date she is mailed notice of the Appeals Council's denial of review of an administrative law judge's ("ALJ") decision to file an action in the United States District Court requesting review of the Social Security Administration's decision. 42 U.S.C. § 405(g). The claimant is presumed to have notice of the Appeals Council decision five days after the date of the Appeals Council's notice unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(a), (c).

Here, the Appeals Council denied plaintiff's request for review of the ALJ's decision on March 27, 2025.  (ECF No. 8-1, Voegele Decl., ¶ 3(a).) On June 3, 2025, plaintiff requested an

extension of time to file a civil action. (Voegele Decl., ¶ 3(b).) The Appeals Council granted plaintiff a thirty-day extension in its letter of July 11, 2025, running from the date of receipt. (Voegele Decl., ¶ 3(b).) Adding five days for receipt and the thirty-day extension, the federal complaint was due on August 15, 2025. Both parties agree this was the filing deadline for plaintiff's complaint.

Based on the docket of this action, defendant asserts that plaintiff filed her federal complaint on August 19, 2025 (ECF No. 1), four days past the deadline. However, plaintiff points out that the docket entry for the complaint notes that it was "entered 8/15/25." (Id.) A notice of electronic filing attached to plaintiff's opposition indicates that the filing was "entered on 8/15/2015 at 3:01 PM PDT and filed on 8/15/25."[1] (ECF No. 9-1 at 6.)  The docket indicates that plaintiff's motion to proceed in forma pauperis was filed August 19, 2025 (ECF No. 2); attached emails indicate that the clerk's office informed plaintiff's counsel that case could not be opened until either an IFP application was filed or the filing fee was paid. (ECF No. 9-1 at 3-4.) Plaintiff argues that her complaint was timely filed on August 15, 2025, but the case was not opened until August 19, 2025, when she submitted her IFP form.

In Escobedo v. Applebees, 787 F.3d 1226, 1228 (9th Cir. 2015), the Ninth Circuit held that "the filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application." The Ninth Circuit reasoned:

> Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." A related statutory provision, 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action ... to pay a filing fee of $350." Section 1915(a)(1) allows federal courts to authorize commencement of a suit "without prepayment of fees or security therefor, by a person who submits an affidavit" demonstrating "that the person is unable to pay such fees or give security therefor." [Citations omitted.]
>
> Nothing in § 1914 or § 1915 contradicts the simple directive set forth in Rule 3 that a civil action is commenced by filing a complaint with

[1] A court may take judicial notice of facts not subject to reasonable dispute, including facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b)(2). Under appropriate circumstances, facts concerning other court proceedings are subject to judicial notice. See Fowler Packing Co., Inc. v. Lanier, 844 F.3d 809, 813, n.2 (9th Cir. 2016).

the court. As with other pleadings and papers, a complaint is filed
"by delivering it ... to the clerk." Fed. R. Civ. P. 5(d)(2).

Id. at 1232-33; see also Demaree v Pederson, 887 F.3d 870, 877 (9th Cir. 2018) (collecting cases that legal document is filed when delivered to the clerk).

Here, the complaint was electronically filed on August 15, 2025 and therefore was timely. Defendant did not file a reply arguing otherwise. Accordingly, the motion to dismiss this action as time-barred should be denied.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

In addition, IT IS RECOMMENDED as follows:

1. Defendants' motion to dismiss (ECF No. 8) be DENIED; and

2. The Commissioner be directed to file a copy of the administrative record no later than 60 days after the district judge's order denying the motion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/foba2359.mtd.sol.f&rs

4